| STATE OF INDIANA | ) | IN THE WABASH CIRCUIT COURT |
| --- | --- | --- |
|  | ) SS: |  |
| COUNTY OF WABASH | ) | CAUSE NO: 85C01-0608-PL-380 |

| DIEHL WOODWORKING MACHINERY, INC. | ) |
| --- | --- |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| -vs- | ) |
|  | ) |
| WISCONSIN AUTOMATED MACHINERY CORP., JAY EHRLICH and DIMITRIS LOUKIDIS | ) |
|  | ) |
| Defendants. | ) |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

### COUNT I

Comes now the plaintiff, Diehl Woodworking Machinery, Inc., (hereinafter "Diehl"), by counsel, and for its first cause of action against defendant, Wisconsin Automated Machinery Corp. (hereinafter "WAMCO") alleges and says as follows:

1. Diehl is an Indiana corporation with its principal place of business in Wabash County, Indiana.

2. WAMCO is a Wisconsin corporation.

3. Defendant, Jay Ehrlich, is a resident of Chicago, Illinois.

4. Defendant, Dimitris Loukidis, is a resident of Racine, Wisconsin.

5. In August, 2005, Diehl and WAMCO entered into a Memorandum of Agreement ("Agreement"). A true and exact copy of the Agreement is attached hereto, made a part hereof, and marked as Exhibit "A".


EXHIBIT 6

6.  The Agreement provides, in pertinent part, that the parties intended that WAMCO should provide management consulting services to Diehl and Diehl pay a monthly management fee therefore.

7.  The Agreement further provides that "from time to time said management fee might be reconsidered and reduced, increased, eliminated and/or reinstated by mutual agreement of the parties as Diehl's business conditions require, and WAMCO shall only be responsible to provide consulting services that are consistent with the then current level of such management fee."

8.  From the time of the execution of the Agreement, WAMCO has not provided to Diehl any management consulting and services.

9.  Diehl's business conditions require the elimination of the management fee.

10. WAMCO has refused to eliminate the fee despite requests to do so by the management of Diehl.

11. Diehl contends that its obligation to pay the monthly management fee to WAMCO should be eliminated as a result of the failure of consideration and pursuant to the provisions of the Agreement.

12. WAMCO is no longer an operating entity and instead, serves only as a conduit for the receipt of payments from Diehl in favor of some of its shareholders, including, Jay Ehrlich.

13. An actual dispute exists between the parties as to whether Diehl's obligation to pay the monthly management fee pursuant to the terms of the Agreement should be terminated.

WHEREFORE, plaintiff, Diehl Woodworking Machinery, Inc., prays that the Court enter a judgment declaring the rights of the parties under the Agreement, and declaring that Diehl has no obligation to pay the monthly management fee to WAMCO; for the cost of this action; and for all other just and proper relief in the premises.

## COUNT II

Comes now the plaintiff, Diehl Woodworking Machinery, Inc., by counsel, and for its second cause of action against defendants, Jay Ehrlich and Dimitris Loukidis, alleges and says as follows:

1. Diehl incorporates herein by this reference the same as if set forth in full the allegations of rhetorical Paragraphs 1 through 11 of Count I of its Complaint.

2. Defendants, Jay Ehrlich and Dimitris Loukidis, were shareholders and directors of Diehl, which is a closely-held Indiana corporation.

3. Defendant, Jay Ehrlich, is the President of WAMCO and a shareholder in WAMCO.

4. Defendant, Dimitris Loukidis, was a shareholder in WAMCO.

5. Defendants, Jay Ehrlich and Dimitris Loukidis, owned a controlling interest of the shares of WAMCO.

6. Defendants, Jay Ehrlich and Dimitris Loukidis, as shareholders of Diehl, breached their fiduciary duties owed to Diehl by refusing to permit the termination of the monthly management fee paid by Diehl to WAMCO, despite the fact that WAMCO never provided management consulting and services to Diehl.

7. Diehl has sustained damages in the sum of $174,000.00 in management fees paid to WAMCO since the execution of the Memorandum of Agreement despite the fact that WAMCO has never provided management and consulting services to Diehl.

WHEREFORE, plaintiff, Diehl Woodworking Machinery, Inc., prays that the Court enter a judgment in its favor and against defendants, Jay Ehrlich and Dimitris Loukidis, in an amount sufficient to compensate Diehl for the damages sustained as a result of the breach of fiduciary duties by the defendants; for the cost of this action; and for all other just and proper relief in the premises.

CARSON BOXBERGER LLP

By _____
　　Larry L. Barnard (11904-49)
　　Bruce O. Boxberger (3535-02)
　　Attorneys for Plaintiff
　　Diehl Woodworking Machinery

1400 One Summit Square
Fort Wayne, Indiana 46802
Telephone: (260) 423-9411
F:\Diehl Woodworking Machinery 19,554\Amended Complaint.doc

### CERTIFICATE OF SERVICE

This will certify that on this \_\_\_\_ day of March, 2007, a true and complete copy of the above and foregoing document was mailed to Gregory A. Kotsonis, Esq., 411 East Wisconsin Avenue, #700, Milwaukee, Wisconsin, 53202 and Steven Hearn, Esq., 212 N. Buffalo St., P.O. Box 770, Warsaw, Indiana 46581-0770.

_____
　　(Larry L. Barnard)

## MEMORANDUM OF AGREEMENT

THIS MEMORANDUM OF AGREEMENT (hereinafter called "Agreement") is made and entered into as of the _____ day of August, 2005, by and between WISCONSIN AUTOMATED MACHINERY CORP., a Wisconsin corporation (herein called "WAM"), and DIEHL WOODWORKING MACHINERY, INC., an Indiana corporation (herein called "Diehl"):

## WITNESSETH:

WHEREAS, Diehl has previously paid, and is currently paying, to WAM or its affiliates a monthly management fee for management consulting and services, which fee has varied from time to time upon the mutual agreement of the parties; and

WHEREAS, the parties intend that WAM shall continue to provide such management consulting and services to Diehl, and Diehl shall continue to pay a monthly management fee therefor as business conditions permit and in accordance with the terms and conditions herein set forth:

NOW, THEREFORE, In consideration of the premises hereof (which the parties hereby incorporate and make a part of their agreements herein) and the mutual agreements hereinafter set forth, it is agreed as follows:

1. Wam hereby waives all unpaid and accrued management fees, if any, due from Diehl prior to July 31, 2005. WAM shall continue to provide to Diehl from time to time management consulting and services as reasonably requested by Diehl and, effective as of July 31, 2005, Diehl shall pay to WAM, as consideration for such management consulting and services provided, a management fee of $12,500 per month (increased from the immediately preceding fee of $10,000 per month) through December 31, 2005, and $15,000 per month commencing January 31, 2006, through December 31, 2008; provided however that (a) such mutual commitments to provide such services and to pay such management fee shall terminate as of January 1, 2009, unless extended by the mutual agreement of the parties, and (b) from time to time the said management fee might be



reconsidered and reduced, increased, eliminated and/or reinstated by mutual agreement of the parties as Diehl's business conditions requires, and WAM shall only be responsible to provide consulting and services at a level consistent with the then-current actual Diehl management fee.

2. The parties shall cooperate and use reasonable efforts to inform each other concerning any change in such business conditions and anticipated changes in the management fee level and commensurate level of management consulting and services to be provided.

IN WITNESS WHEREOF, the parties hereto have executed this Consulting Agreement as of the day and year first above written.

WISCONSIN AUTOMATED MACHINERY CORP.

By _____

Title _____

DIEHL WOODWORKING MACHINERY, INC.

By _____

Title  PRESIDENT