**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Central Case Management Center
Molly Bergenquest
Vice President
Tracey Patton
Assistant Vice President

**DAJ 07 C 6840**

13455 Noel Road - Suite 1750, Dallas, TX 75240
telephone: 972-702-8222 facsimile: 972-490-9008
internet: http://www.adr.org/

# FAX
**JUDGE GUZMAN**
**MAGISTRATE JUDGE KEYS**

Date: October 2, 2007

To
Andrew R. Schwartz, Esq.
Sugar, Friedberg & Felsenthal
30 North LaSalle Street, Suite 3000
Chicago, IL 60602
312-372-7951

Larry L. Barnard, Esq.
Carson Boxberger LLP
1400 One Summit Square
Ft. Wayne, IN 46802
260-423-4329

Fax Number: 972-490-9008

From: Kimberly L. Emerson

Number of Pages: (including cover)  8

Re: 51 180 01918 06
    Wisconsin Automated Machinery Corp.
    and
    Diehl Woodworking Machinery
    - Chicago, Illinois
    Claim: $225,000.00

MESSAGE:


EXHIBIT 17

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Central Case Management Center
Molly Bargenquest
Vice President
Tracey Patten
Assistant Vice President

13455 Noel Road - Suite 1750, Dallas, TX 75240
telephone: 972-702-8222 facsimile: 972-490-9008
internet: http://www.adr.org/

October 2, 2007

**VIA FACSIMILE ONLY**

Andrew R. Schwartz, Esq.
Sugar, Friedberg & Felsenthal
30 North LaSalle Street, Suite 3000
Chicago, IL 60602

Larry L. Barnard, Esq.
Carson Boxberger LLP
1400 One Summit Square
Ft. Wayne, IN 46802

Re: 51 180 01918 06
    Wisconsin Automated Machinery Corp.
    and
    Diehl Woodworking Machinery
    - Chicago, Illinois
    Claim: $225,000.00

Gentlemen:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter.

Enclosed please find a financial breakdown. The financial information contained in the Award was calculated as of the date of the Award's preparation. The Association will provide information on any adjustments to same caused by subsequent payments.

Please note that the case file will be destroyed fifteen (15) months after the date of this letter.

As always, please do not hesitate to contact the undersigned if you have any questions.

Sincerely,

Jeremy May for

Kimberly L. Emerson
Senior Case Manager
800 804 9718
Emersonk@adr.org

*Supervisor Information: Jennifer L. Bell, 972 702 8222, Bellj@adr.org*

Encl.

cc:    Thomas H. Morsch, Esq. **VIA FACSIMILE ONLY**

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the matter of the Arbitration between

Re: 51 180 01918 06

    Wisconsin Automated Machinery Corp.
    and
    Diehl Woodworking Machinery, Inc.,
    - Chicago, Illinois

Case Manager:   Kimberly Emerson

## AWARD OF ARBITRATOR

I, the undersigned arbitrator, having been designated in accordance with the arbitration agreement entered into by the parties dated September 13, 2002, having been duly sworn, having heard the proofs and allegations of the parties, and having considered the parties' post-hearing briefs, FIND as follows:

### Agreements at Issue

Claimant Wisconsin Automated Machinery Corp. (WAMCO) has asserted claims against Respondent Diehl Woodworking Machinery, Inc. under a series of agreements between the parties. These are an Asset Purchase Agreement dated September 13, 2002, a Promissory Note in the face amount of $600,000.00 dated October 1, 2002, a Security Agreement dated October 1, 2002, and a Memorandum of Agreement dated August 2005. Diehl has denied liability on the claims asserted.

### WAMCO's Claim for Declaratory Relief

WAMCO asks that the Memorandum of Agreement be declared null and void for lack of consideration. The evidence shows that there was an ongoing dispute between the parties regarding Diehl's obligation to continue paying WAMCO management fees under Section 6.7 of the Asset

Purchase Agreement, and the amount of fees due. The parties made an effort to resolve their dispute by entering into the Memorandum of Agreement. The attempt to settle the dispute and clarify the parties' rights and obligations was sufficient consideration to support the Memorandum of Agreement. Moreover, the Memorandum of Agreement would have been valid and enforceable even if it had not been supported by consideration inasmuch as it was a mutual agreement to change the management fee in accordance with Section 6.7 of the Asset Purchase Agreement.

### WAMCO's Claim for Breach of Asset Purchase Agreement (unmodified by Memorandum of Agreement)

WAMCO's claim for unpaid management fees under Section 6.7 of the Asset Purchase Agreement fails because that provision was modified and superseded by the Memorandum of Agreement.

### WAMCO's Alternative Claim for Breach of Asset Purchase Agreement (as modified by the Memorandum of Agreement)

WAMCO's claim for unpaid management fees under the Memorandum of Agreement fails because Diehl never requested that WAMCO provide management or consulting services and WAMCO never provided any such services. Even Paul Ehrlich, the major shareholder of WAMCO who "called all the shots" when the management fees were first imposed on Diehl, acknowledged in June 2006 that the services provided to Diehl had "become minimal" (Ex. C24).

Moreover, the parties could not have intended that Diehl would be obligated to pay management fees after WAMCO withdrew from the industry and became a holding company with only one employee and thus unable to provide management and consulting services. The occasions on which Jay Ehrlich, as a major investor in Diehl, made suggestions or provided information to Diehl did not constitute the provision of management or consulting services. His email message dated July 26, 2006 (Exhibit C9) in which he made multiple suggestions for improving the operations of Diehl and expressed his willingness to "roll up my sleeves and have significantly more involvement" in the business was an attempt to create a paper record that WAMCO could use in its ongoing dispute with Diehl and not a good faith effort to provide management and consulting services.

### WAMCO's Claim on Promissory Note

WAMCO has failed to show that there has been any materially adverse change in Diehl's financial condition or ability to pay the amounts owed to WAMCO under the Promissory Note, or the occurrence of another event as a result of which WAMCO could deem itself insecure under the Security Agreement. On the contrary, Jay Erlich, after reviewing Diehl's financial results in June 2006 on WAMCO's behalf acknowledged that Diehl appeared to be better off financially in 2006 than in 2005. (Exhibit C6). The failure of Diehl to pay rent to a third party is not a default under the Security Agreement. The conclusory allegation "Diehl's business conditions require the elimination of the management fee" in Diehl's co-pending action against WAMCO does not support WAMCO's claim of insecurity.

### WAMCO's Claim on Promissory Note (Failure to Make Monthly Payments)

Diehl offered no evidence in this arbitration proceeding that would justify its payment of monthly installments from June 2007 to the Clerk of Court in Indiana rather than to WAMCO.

### WAMCO's Claim for Attorneys' Fees and Expenses

WAMCO has asserted a claim for attorneys' fees and expenses. It will serve the interests of justice and facilitate the resolution of the remaining disputes between the parties if this claim is denied.

Accordingly, I AWARD as follows:

1. On or before October 31, 2007, Diehl shall pay to WAMCO $50,000.00 for the installments on the Promissory Note due in June, July, August, September and October 2007, plus interest at the rate of 5% per annum on each installment from the date on which it was due to the date of payment.

2. WAMCO shall consent to any motion made by Diehl for leave to withdraw the funds deposited with the Clerk of Court, but Diehl shall be obligated to make the payment set forth in Paragraph 1 whether or not such funds are withdrawn.

The administrative fees and expenses of the American Arbitration Association totaling $4,400.00 and the compensation of the arbitrator totaling $ 12,200.00 shall be borne by the parties equally. Therefore, Diehl shall reimburse WAMCO the sum of $2,000.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by WAMCO.

This award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_October 1, 2007_
Date

_Thomas H. Morsch_
Thomas H. Morsch

**61-180-01918-06**
**Diehl Woodworking Machinery**

### Administrative Fees and Expenses:

| | | |
|---|---|---|
| Filing Fees | $0.00 | |
| Case Services Fee | $0.00 | |
| Hearing Fees | $0.00 | |
| AAA Room Rental Fee | $200.00 | |
| Abeyance/Misc. AAA Fees | $0.00 | |
| Non-AAA Conference Room Expenses | $0.00 | |
| Misc Expenses | $0.00 | |
| Your Share of Administrative Fees and Expenses: | | $200.00 |
| Amount Paid for Administrative Fees and Expenses: | | $200.00 |
| Balance Administrative Fees and Expenses: | | $0.00 |

### Neutral Compensation and Expenses:

| | |
|---|---|
| Your Share of Neutral Compensation and Expenses: | $6,100.00 |
| Amount Paid for Neutral Compensation and Expenses: | $6,800.00 |
| Balance Neutral Compensation and Expenses: | ($700.00) |

| | |
|---|---|
| Party Balance: | ($700.00) |

**51-180-01918-06**
**Wisconsin Automated Machinery Corp.**

**Administrative Fees and Expenses:**

| | | |
|---|---|---|
| Filing Fees | $2,750.00 | |
| Case Services Fee | $1,250.00 | |
| Hearing Fees | $0.00 | |
| AAA Room Rental Fee | $200.00 | |
| Abeyance/Misc. AAA Fees | $0.00 | |
| Non-AAA Conference Room Expenses | $0.00 | |
| Misc Expenses | $0.00 | |
| Your Share of Administrative Fees and Expenses: | | $4,200.00 |
| Amount Paid for Administrative Fees and Expenses: | | $4,150.00 |
| Balance Administrative Fees and Expenses: | | $50.00 |

**Neutral Compensation and Expenses:**

| | |
|---|---|
| Your Share of Neutral Compensation and Expenses: | $6,100.00 |
| Amount Paid for Neutral Compensation and Expenses: | $6,800.00 |
| Balance Neutral Compensation and Expenses: | ($700.00) |

| | |
|---|---|
| Party Balance: | ($650.00) |