IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WISCONSIN AUTOMATED MACHINERY CORP. )<br><br>Movant )<br><br>-vs- )<br><br>DIEHL WOODWORKING MACHINERY, INC., )<br><br>Respondent ) | CASE NO. 1:07-CV-06840 |

**ANSWER TO MOTION TO VACATE ARBITRAL AWARD
AND MOTION FOR ORDER CONFIRMING AWARD**

Comes now the respondent, Diehl Woodworking Machinery, Inc. (hereinafter referred to as "Diehl"), by counsel, and for its Answer to movant, Wisconsin Automated Machinery Corp.'s (hereinafter "WAMCO") Motion to Vacate Arbitral Award, alleges and says as follows:

1. With respect to the allegations set forth in rhetorical Paragraph 1 of the Motion to Vacate, Diehl admits that an arbitration was held Chicago, Illinois in an arbitration proceeding between WAMCO and Diehl. Diehl further states that the terms of the Second Supplemental Claims filed by WAMCO speak for themselves.

2. Diehl denies the allegations set forth in rhetorical Paragraph 2 of the Motion to Vacate.

3. With respect to the allegations set forth in rhetorical Paragraph 3 of the Motion to Vacate, Diehl admits that WAMCO is a Wisconsin corporation, but denies that it has any principal place of business.

4. Diehl admits the allegations set forth in rhetorical Paragraph 4 of the Motion to Vacate.

5. Diehl admits the allegations set forth in rhetorical Paragraph 5 of the Motion to Vacate.

6. Diehl denies the allegations set forth in rhetorical Paragraph 6 of the Motion to Vacate for the reason that this matter should be heard in the United States District Court for the Northern District of Indiana, which first had jurisdiction over this matter, and where the movant filed its Motion to Compel Arbitration.

7. Diehl admits the allegations set forth in rhetorical Paragraph 7 of the Motion to Vacate.

8. With respect to the allegations set forth in rhetorical Paragraph 8 of the Motion to Vacate, Diehl states that the terms of the Asset Purchase Agreement speak for themselves.

9. With respect to the allegations set forth in rhetorical Paragraph 9 of the Motion to Vacate, Diehl states that the terms of the Asset Purchase Agreement speak for themselves.

10. Diehl admits the allegations set forth in rhetorical Paragraph 10 of the Motion to Vacate.

11. With respect to the allegations set forth in rhetorical Paragraph 11 of the Motion to Vacate, Diehl states that the terms of the Note speak for themselves.

12. Diehl admits the allegations set forth in rhetorical Paragraph 12 of the Motion to Vacate.

13. With respect to the allegations set forth in rhetorical Paragraph 13 of the Motion to Vacate, Diehl admits that it discontinued payment of the management fee and filed suit in Wabash Circuit Court. With respect to the remaining allegations, Diehl states that the terms of the Complaint and Amended Complaint speak for themselves. Diehl further admits that the case was subsequently removed to the United States District Court for the Northern District of Indiana where it remains pending.

14. Diehl admits the allegations set forth in rhetorical Paragraph 14 of the Motion to Vacate.

15. With respect to the allegations set forth in rhetorical Paragraph 15 of the Motion to Vacate, Diehl admits that it made deposits in the United States District Court for the Northern District of Indiana. Diehl denies the remaining allegations set forth in rhetorical Paragraph 15.

16. Diehl admits the allegations set forth in rhetorical Paragraph 16 of the Motion to Vacate.

17. Diehl admits the allegations set forth in rhetorical Paragraph 17 of the Motion to Vacate.

18. With respect to the allegations set forth in rhetorical Paragraph 18 of the Motion to Vacate, Diehl admits that WAMCO filed a Second Supplement to Claims. Diehl denies the remaining allegations set forth in rhetorical Paragraph 18 of the Motion to Vacate.

19. With respect to the allegations set forth in rhetorical Paragraph 19 of the Motion to Vacate, Diehl states that the terms of the AAA Commercial Arbitration Rules speak for themselves.

20. With respect to the allegations set forth in rhetorical Paragraph 20 of the Motion to Vacate, Diehl admits that Ehrlich issued written discovery to Diehl in the Wabash litigation. Diehl denies the remaining allegations set forth in rhetorical Paragraph 20.

21. Diehl denies the allegations set forth in rhetorical Paragraph 21 of the Motion to Vacate.

22. With respect to the allegations set forth in rhetorical Paragraph 22 of the Motion to Vacate, Diehl admits that the arbitrator refused to sanction Diehl for its alleged non-compliance with the discovery requests. Diehl denies the remaining allegations set forth in rhetorical Paragraph 22.

23. With respect to the allegations set forth in rhetorical Paragraph 23 of the Motion to Vacate, Diehl admits that it filed its witness and exhibit lists on August 9, 2007 and that it received WAMCO's witness and exhibit lists on the same date as they were served after 6:00 p.m. on August 8, 2007.

24. Diehl admits the allegations set forth in rhetorical Paragraph 24 of the Motion to Vacate.

25. Diehl admits the allegations set forth in rhetorical Paragraph 25 of the Motion to Vacate.

26. Diehl admits the allegations set forth in rhetorical Paragraph 26 of the Motion to Vacate.

27. Diehl admits the allegations set forth in rhetorical Paragraph 27 of the Motion to Vacate.

28.　With respect to the allegations set forth in rhetorical Paragraph 28 of the Motion to Vacate, Diehl admits that WAMCO filed a fee affidavit, a post-closing brief and a supplemental fee affidavit. Diehl denies the remaining allegations set forth in rhetorical Paragraph 28.

29.　Diehl admits the allegations set forth in rhetorical Paragraph 29 of the Motion to Vacate.

30.　Diehl denies the allegations set forth in rhetorical Paragraph 30 of the Motion to Vacate.

31.　Diehl denies the allegations set forth in rhetorical Paragraph 31 of the Motion to Vacate.

32.　Diehl denies the allegations set forth in rhetorical Paragraph 32 of the Motion to Vacate.

33.　With respect to the allegations set forth in rhetorical Paragraph 33 of the Motion to Vacate, Diehl admits that the affidavit of Andrew Schwartz is attached. Diehl denies the remaining allegations set forth in rhetorical Paragraph 33.

34.　Diehl denies the allegations set forth in rhetorical Paragraph 34 of the Motion to Vacate.

35.　Diehl denies the allegations set forth in rhetorical Paragraph 35 of the Motion to Vacate.

WHEREFORE, respondent, Diehl Woodworking Machinery, Inc., requests the Court to enter judgment in its favor; that it deny the Motion to Vacate the Arbitral Award; for the costs of this action; and for all other just and proper relief in the premises.

## MOTION TO CONFIRM ARBITRATOR'S AWARD

Comes now the respondent, Diehl Woodworking Machinery, Inc., by counsel, pursuant to Sections 9 and 13 of Title 9 of the United States Code, and hereby moves the Court for an Order confirming the Award of the arbitrator in the Matter of the Arbitration between Wisconsin Automated Machinery Corp. and Diehl Woodworking Machinery, Inc., made on October 1, 2007, and directing that judgment be entered thereon. The application is made on the following grounds:

1. Diehl incorporates herein by this reference the same as if set forth in full its answers to rhetorical Paragraphs 1 through 35 of WAMCO's Motion to Vacate Arbitral Award.

2. On October 1, 2007, after hearing at which both parties appeared and after considering all the evidence, the arbitrator made an award in writing, a copy of which is attached to the Motion to Vacate Arbitral Award, and made a part hereof.

3. This application is based upon the contracts and the Arbitration Award, which are attached to the Motion to Vacate Arbitral Award.

WHEREFORE, respondent, Diehl Woodworking Machinery, Inc., prays that the Court confirm the arbitration award, direct the entry of judgments; and grant such other relief as may be appropriate under the circumstances.

CARSON BOXBERGER LLP


By _____s/Larry L. Barnard_____
　　　Larry L. Barnard (11904-49)
　　　James P. Buchholz (17023-02)
　　　Attorneys for Respondent

1400 One Summit Square
Fort Wayne, Indiana  46802
Telephone:  (260) 423-9411
F:\Diehl Woodworking Machinery 19,554\WAMCO Shares Dispute\Illinois Court\Answer to Motion to Vacate Award.doc

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 11th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Andrew Robert Schwartz**
**aschwartz@sff-law.com**

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECG participant:

**n/a**

                  s/Larry L. Barnard
                  (Larry L. Barnard)