BEFORE THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WISCONSIN AUTOMATED MACHINERY CORP., <br> *Movant,* | ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. 07 C 6840 |
| DIEHL WOODWORKING MACHINERY, INC., <br> *Respondent.* | ) <br> ) <br> ) | Judge Guzman |

# BRIEF IN SUPPORT OF MOTION
# TO VACATE ARBITRAL AWARD

WAMCO[1], by its undersigned counsel, states as follows in support of its motion to vacate the Award entered in the AAA Arbitration:

## I.   INTRODUCTION

Arbitral awards are entitled to deference, but an arbitrator does not have unbridled power. The Seventh Circuit has refused to enforce awards where the arbitrator fails to interpret and apply the parties' agreement, but instead 'dispenses his own brand of justice.' Anheuser-Busch, Inc. v. Beer, Soft Drink, Water, Fruit Juice, Carbonic Gas, Liquor Sales Drivers, Helpers, Inside Workers, Bottlers, Warehousemen, School, Sightseeing, Charter Bus Drivers, Gen. Promotions Employees, 280 F.3d 1133, 1138 (7th Cir. 2002). Likewise, an arbitrator must apply the law as the parties direct. Edstrom Ind. v. Companion Life Ins. Co., 2008 WL 351450 (7th Cir. 2008).

In this case the Award must be vacated because it does not draw its essence from the parties' agreements. Instead of interpreting and enforcing the Note and APA, the arbitrator re-wrote them and dispensed his own subjective idea of justice. Instead of following Illinois law – which both instruments required – the arbitrator made up his own law.

---

[1] For the sake of brevity, this brief will use the defined terms used in WAMCO's motion [Dkt. 1].

## II. FACTUAL BACKGROUND

WAMCO's motion accurately summarizes the factual background, and its post-closing brief in the arbitration (**Exhibit 16**) both discusses the matter in greater detail about the dispute, and explains the substantive arguments. To avoid unnecessary repetition, WAMCO incorporates the arguments from that brief, where necessary. WAMCO has also filed a copy of the exhibits and pleadings from the arbitration, so this Court has them for reference.

## III. ARGUMENT

### A. Grounds to Vacate Arbitral Awards

9 U.S.C. § 10(a) provides several different statutory grounds to vacate arbitral awards. One is where the arbitrator exceeds his powers. 9 U.S.C. § 10(a)(4). An arbitrator's disregard of the contract also provides a basis to vacate an award. Anheuser-Busch, Inc. at 1138. Likewise, an arbitrator's failure to apply the law specified in an arbitration agreement requires vacature. Edstrom, 2008 WL 351450 at *2 ("We cannot think of any reason why the choice of law provision could not designate the governing substantive norms. [Citation omitted]. The alternative would be to leave every arbitrator free to make up his own law of contracts").

### B. Based Upon his own Findings, as Expressed in the Award, the Arbitrator Had no Right to Change the Interest Rate Under the Note, to Refuse to Accelerate the Note, or to Deny WAMCO's Right to Recover its Costs of Collection (Including its Attorneys' Fees) Incurred to Enforce the Note

#### 1. An arbitral award must draw its essence from the parties' agreement

Arbitration is a creature of contract; therefore, the arbitrator may not disregard the lawful directions given to him by the parties. Edstrom, 2008 WL 351450 at *4. An arbitrator exceeds his powers if he rewrites the parties' contract based upon his own personal feelings or opinions; such an arbitral award cannot be enforced. In United Steelworkers of America v. Enterprise

Wheel & Car Corp., 363 U.S. 593 (1960), the U.S. Supreme Court stated the general rule as follows (with respect to a collective bargaining agreement):

> [A]n arbitrator is confined to interpretation and application of the ... agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the ... agreement. ***When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.***

Id. at 597 (emphasis added). *Accord*, Roadmaster Corp. v. Production and Maintenance Employees Local 504, 851 F.2d 886, 888 (7th Cir. 1988) (affirming vacature of arbitral award where arbitrator did not base decision on parties' agreement); Edstrom (vacating award involving insurance dispute). With immaterial exceptions, arbitrators are authorized only to interpret contracts and not to use their own ideas of justice to decide the parties' dispute. BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 554 (7th Cir. 2002).

An arbitral award does not draw its essence from the parties' agreement if the arbitrator "... based his award on some body of thought, or feeling, or policy, or law that is outside the contract ..." Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Continental Casualty Co., 37 F.3d 345, 349 (7th Cir. 1994). An arbitrator also exceeds his authority by providing an award which contravenes the parties' contract. Id. at 350-51. Therefore, an arbitrator cannot rewrite a new agreement for the parties. *E.g.*, Collins & Aikman Floor Coverings Corp. v. Froehlich, 736 F.Supp. 480, 484 (S.D.N.Y. 1990); Katz v. Feinberg, 167 F.Supp.2d 556, 572 (S.D.N.Y. 1991) ("[A]n arbitration board exceeds the scope of its authority when it modifies, rewrites, or holds contrary to 'clear and unambiguous contractual language'").

An arbitrator's reliance on fuzzy concepts like "justice" or "fairness" can have a multitude of meanings, depending on the arbitrator's personal whims and caprice. Thus, any decision motivated by an arbitrator's view of what might be "fair" or "just" is prohibited, and

gives the Court no choice but to refuse enforcement of the award when the award fails to "draw its essence from the ... agreement." Anheuser-Busch, Inc. at 1143 (*citing* Enterprise Wheel). An arbitrator "... cannot dress his policy desires up in contract interpretation clothing" by refusing to interpret the contract before, in order to satisfy the arbitrator's desire to reach a particular result. Id.

### 1. The Award relating to Count V does not draw its essence from the parties' agreement

Count V is a straightforward claim for breach of the Note, due to Diehl's non-payment. The Note required Diehl to make payments to WAMCO according to a schedule, and fixed the base interest rate at 6.198% *per annum*. None of these terms was discretionary or subject to modification.

The Note provides that Diehl's failure to make payments timely constitutes a default, which entitles WAMCO to certain default remedies. As explained in WAMCO's motion, these default remedies include (a) acceleration of the entire principal balance, and (b) the imposition of interest at the default rate of 9.198% *per annum* on that entire balance. The Note also *entitles* WAMCO to recover its costs of collection, as reflected in the following text:

> If this Promissory Note is not paid when due, whether at maturity or by acceleration ... the holder hereof **shall be entitled to recover all costs of collection, including without limitation reasonable attorneys' fees**, in addition to and not in lieu of any other right or remedy at law.

(Emphasis added). These default remedies are neither discretionary nor subject to modification.

Diehl defaulted by failing to make certain Note payments to WAMCO. Instead, it filed a groundless interpleader suit and then made payments to the clerk of the court. The arbitrator heard evidence about that issue at the arbitration hearing, and the Award addressed it as follows:

> Diehl offered no evidence in this arbitration proceeding that would justify its payment of monthly installments from June 2007 to the Clerk of Court in Indiana rather than to WAMCO.

That statement necessarily means that Diehl defaulted under the Note by failing to make timely payment to WAMCO. Therefore, the language of the Note *entitled* WAMCO to exercise its default remedies – including (a) acceleration of the entire principal balance due at the time of the default, (b) receiving the default interest rate specified under the Note upon the entire balance, and (c) recovery of WAMCO's costs of collection of the Note, including its reasonable fees.

Nevertheless, the arbitrator disregarded the remedies under the Note, and effectively re-wrote the Note to give Diehl a better bargain. Instead of accelerating the principal balance as of June 2007, the Award extended Diehl's payment date for all unpaid installments to October 31st – including its date to pay the installment that would have been due on October 1, 2007. Instead of applying the default interest rate (9.198% *per annum* on the entire balance), ¶1 of the Award reduced the interest rate to 5% on the amount of each unpaid installment from its scheduled date – below the *non-default* interest rate quoted in the Note.

The arbitrator's denial of WAMCO's claim to recoup its collection costs contradicts the plain language of the instrument. The provision that "… the holder hereof shall be entitled to recover all costs of collection, including without limitation reasonable attorneys' fees …" means just what it says. WAMCO had a contractual *entitlement* to recoup its costs of collection for the Note, which right was not subject to the arbitrator's caprice or whim. The arbitrator's denial of that contractual right based upon his subjective view of the "interests of justice" does not "draw its essence" from the Note.

### 2. The Award manifestly disregards Illinois law as to Count V

As expressed by the Seventh Circuit this month, an arbitrator must apply the law as the parties direct. Edstrom, 2008 WL 351450 at *2. The Note says it is to be governed by Illinois

126430v1　　　　　　　　　　　　　　　　5

law. WAMCO's post-closing brief put the applicable law governing the right to payment of promissory notes before the arbitrator (*See* **Exhibit 16** at 19-20). Unfortunately, the arbitrator chose to ignore that law and instead made up his own.

### B. The Denial of WAMCO's Claim for Management Contradicts the Plain Language of the APA, and Disregards the Undisputed Evidence that Diehl had Waived any Right to Contest its Obligation to Pay Those Fees

#### 1. The reasoning of the Award conflicts with the plain language of the APA

As is common in contracts for the sale of businesses, the APA contains a restrictive covenant (¶11), which requires WAMCO to withdraw from the industry immediately after the closing. The rationale for this provision is obvious – the business buyer does not want the seller to compete for the goodwill and customer base for which the purchaser has just paid.

Notwithstanding that basic concept, the arbitrator effectively re-wrote the APA. The following statement regarding WAMCO's right to management fees appeared in the Award:

> … the parties could not have intended that Diehl would be obligated to pay management fees after WAMCO withdrew from the industry and became a holding company with only one employee and thus unable to provide management and consulting services. …

Rubbish. The obligation to pay management fees under the APA could not possibly depend on WAMCO's continued presence in the industry – from which the very same APA required WAMCO to withdraw.

#### 2. The Award ignores the undisputed evidence that Diehl waived any right to contest its obligation to pay management fees due WAMCO, and disregards Illinois law governing ratification

The APA was executed in 2002. Two separate spreadsheets produced by Diehl (admitted in evidence at the arbitration hearing as **CX-14** and **CX-77**, respectively) acknowledged Diehl's obligation to pay $15K/month to WAMCO as and for management fees for years after the APA transaction had closed. By so doing, Diehl ratified the APA. Under Illinois law, a party who

accepts the benefits flowing from a contract for any considerable length of time ratifies the contract. Inland Land Appreciation Fund, L.P. v. County of Kane, 344 Ill.App.3d 720, 728 (2nd Dist. 2003) (acceptance of contract benefits for 8 months constituted ratification and precluded later claim for economic duress).

Diehl's complaint and amended complaint in the Wabash County litigation further acknowledge its obligation to pay management fees to WAMCO; Paragraph ¶11 of both complaints ask the Wabash court to *eliminate* that very obligation (**Exhibits 5** and **6**).

## IV.   CONCLUSION

Federal Courts will vacate awards where the arbitrator contradicts the parties' agreement or disregards the law the parties have directed the arbitrator to apply. The Award in this case fails on both counts. This is one of those rare times where an arbitral award must be vacated.

For the foregoing reasons, and those stated in its motion, WAMCO moves this Court to grant the relief requested in its Motion to Vacate Arbitral Award.

Respectfully submitted,

**WISCONSIN AUTOMATED MACHINERY CORP.**

DATED: February 26, 2008       By:    \s\ Andrew R. Schwartz
                                      One of its attorneys

*Andrew R. Schwartz, Esq.*
SUGAR, FRIEDBERG & FELSENTHAL LLP
Counsel for Wisconsin Automated
 Machinery Corp.
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, system which sent notification of such filing to all counsel of record.

                                      \s\ Andrew R. Schwartz
                                        Andrew R. Schwartz