**BEFORE THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WISCONSIN AUTOMATED MACHINERY CORP., | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6840 |
| | ) | |
| DIEHL WOODWORKING MACHINERY, INC., | ) | Judge Guzman |
| *Respondent*. | ) | |

**REPLY IN SUPPORT OF MOTION
TO VACATE ARBITRAL AWARD**

## I.      INTRODUCTION

An arbitrator's role in a commercial arbitration is to interpret and enforce the parties' agreements.  In this case, the Arbitrator did neither.  His Award re-writes the Note and contradicts the plain language of the APA.

Diehl's lengthy response memorandum [Dkt.21] string-cites a number of cases discussing the review of awards, most of which involved labor arbitrations.  Diehl also tries to buttress its position by arguing "facts" without supporting affidavits or, in many instances, any reference to the documentary record.

## II.     UNSUPPORTED "FACTS" ARGUED BY DIEHL

Diehl tries to inject unfounded factual matters to buttress its position.  These unfounded matters – which include references to the characterization of evidence by Diehl's counsel in its arbitration brief (*See* Diehl's Memorandum at 6, FN. 1) – are not properly before the Court.  WAMCO asks this Court to strike these unsupported assertions and to disregard them for the purposes of this motion.

126430v1

III.    **ARGUMENT**

      A.    **As to WAMCO's Claim for Non-Payment, the Award Does not Draw its Essence from the Note**

The Arbitrator was required to interpret and enforce of the Note. He had no power to re-write it to fit his own subjective views about the "interests of justice." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960); Anheuser-Busch, Inc. v. Beer, Soft Drink, Water, Fruit Juice, Carbonic Gas, Liquor Sales Drivers, Helpers, Inside Workers, Bottlers, Warehousemen, School, Sightseeing, Charter Bus Drivers, Gen. Promotions Employees, 280 F.3d 1133, 1138 (7th Cir. 2002) (enforcement refused where arbitrator dispensed own brand of justice, instead of interpreting and applying agreement); Roadmaster Corp. v. Prod. & Maint. Employees Local 504, 851 F.2d 886, 888 (7th Cir. 1988) (affirming vacature of award not based on agreement); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 554 (7th Cir. 2002); Edstrom Ind. v. Companion Life Ins. Co., 2008 WL 351450 (7th Cir. 2008).

When an arbitrator's words manifest an infidelity to his obligation to interpret and enforce the parties' contract, a Court has no choice but to refuse enforcement of the award. Enterprise Wheel at 597. Both the language of the arbitrator's opinion and the award itself can establish that the arbitrator failed to interpret the agreement and instead applied his own sense of equity. Arch of Illinois v. District 12, United Mine Workers, 85 F.3d 1289, 1292 (7th Cir. 1996) (collective bargaining agreement).

      1.    **The plain language of the Award reflects the Arbitrator's finding that Diehl breached its obligations under the Note by non-payment, and Diehl's argument that its payments to the Clerk of the Court were actually payments to WAMCO are meritless**

The Award says:

> Diehl offered no evidence in this arbitration proceeding that would justify its payment of monthly installments from June 2007 to the Clerk of Court in Indiana rather than to WAMCO.

126430v1

By including that finding, the Arbitrator ruled that Diehl had no justification for its failure to

make payments to WAMCO under the Note.

Diehl's responsive argument – that the:

> … arbitrator acknowledged that payments made by Diehl had
> been misdirected, not that the payments had not been made
> pursuant to the terms of the note.  The undisputed evidence in
> this case established that the payments were indeed made by
> Diehl to WAMCO, but were simply paid into the court pursuant to
> the terms of the interpleader action.  The arbitrator determined
> that those payments should be redirected to WAMCO, and that
> Diehl should pay interest in order to compensate WAMCO for any
> amounts it did not receive while those payments remained in
> Court.

– is dishonest.  The Arbitrator's finding that Diehl unjustifiably made payments to someone

other than WAMCO obviously means that Diehl did not make those payments *to WAMCO*.

### 2. Diehl's argument about WAMCO's alleged failure to accelerate the Note due to non-payment is false, and any argument based upon the alleged lack of notice of such acceleration is immaterial

The first full paragraph on page 9 of Diehl's memorandum falsely claims that "WAMCO

never sought to accelerate the Note based upon Diehl's alleged nonpayment."  Not so.  Prayer A

of Count V of WAMCO's Second Supplement to Claims (**Exhibit 8** to WAMCO's motion)

specifically asks the Arbitrator to accelerate the Note due to Diehl's non-payment.  WAMCO's

prompt request to add a claim in the arbitration for non-payment of the Note, as well as its

service of a Second Supplement to Claims in the arbitration – seeking to accelerate the debt,

constitute notice of acceleration.

It is also no answer for Diehl to say that WAMCO did not provide Diehl with a separate

notice of acceleration after Diehl stopped paying in June 2007.  The Note expressly permits

WAMCO to accelerate "without notice of any kind" to Diehl, based upon non-payment.  The

penultimate paragraph of text on the last page of the Note also says that Diehl:

... waives demand, protest, notice of default, and all other notices or of any kind or nature, except as otherwise set forth in this Promissory Note.

**3.  The Arbitrator had no power to change material terms of the Note to suit his own agenda, or his subjective perception about the "interests of justice"**

The Arbitrator had no power to change the re-write the Note to alter the base or penalty interest rates, to alter the payment schedule, or to ignore or modify the remedies available to WAMCO.  The ruling itself demonstrates that Arbitrator exceeded his authority, and requires vacature of the Award.[1]

**B.     As to WAMCO's Claim for Management Fees, the Award Contradicts the Plain Language of the APA, and Does not Apply Illinois Law**

**1.  The APA includes a covenant not to compete**

The covenant not to compete (APA at ¶11) required WAMCO to withdraw from the industry.  Therefore, the reasoning expressed in the Award – that WAMCO could not recover management fees *because* it had honored that covenant – by withdrawing from the industry contradicts the APA.

**2.  The MOA does not affect ¶11 of the APA**

It is no answer for Diehl to say that the MOA supplanted the APA.  The MOA neither revokes nor rescinds WAMCO's covenant not to compete (¶11 of the APA).  Therefore, the rationale expressed in the Award for excusing Diehl from any further obligation to pay management fees – *because* WAMCO continued to honor its covenant not to compete – conflicts with ¶11 of the APA.

Considering that WAMCO had left the industry years prior to the execution of the MOA, any notion that Diehl could discontinue paying management post-MOA fees *because* WAMCO

---

[1] Diehl does not address the Arbitrator's lack of authority to change these terms, and apparently concedes the point.

had previously withdrawn from the industry obviously conflicts the parties' agreements, and therefore does not "draw its essence" from them.

**3.  Diehl's suggestion that WAMCO did not previously argue ratification is false**

WAMCO made this precise argument in its arbitration brief, and cited the very same case (*See* **Exhibit 16** to WAMCO's motion at pp. 18-19).  Diehl's argument that it had not paid all of the management fees is equally meritless; Diehl's own records show that it had accrued the liability for payment of those management fees (**CX-14** and **CX-77**).

**C.     The Cases Cited by Diehl do not Support its Position**

The authorities cited in Diehl's memorandum do not warrant significant discussion because they do not really address WAMCO's contention – that the Award does not "draw its essence" from the Note and APA.

The only cases cited by Diehl which actually speak to that issue are Cuna Mutual Ins. Society v. Office and Professional Employees Int'l. Union, Local 39, 443 F.3d 556 (7th Cir. 2006) and Arch of Illinois, *supra*, neither of which contradicts the positions taken by WAMCO. Both  cases are distinguishable on their facts.  Unlike this case, the arbitrators in Cuna and Arch of Illinois actually interpreted the collective bargaining agreements before them, and the Seventh Circuit was able to discern the "interpretive route" between the agreements and the awards.

**IV.     CONCLUSION**

There is no possible interpretive route between the parties' agreements and the Award in this case, which would support the Arbitrator's decision.  Instead of following his mandate to interpret and enforce the parties' agreements, he essentially thumbed his nose at the Note and APA.  The Arbitrator re-wrote the Note to change essential terms, replacing the contractual remedies with his own subjective personal views about the "interests of justice."  With respect to

the management fee claim, the reasoning of the Award conflicts with the plain language of the

APA.   This is one of those rare occasions when an arbitral award must be vacated.

  WHEREFORE, for the foregoing reasons and those stated previously, WAMCO moves

this Court for the relief sought in its Motion to Vacate Arbitral Award.

       Respectfully submitted,

       **WISCONSIN AUTOMATED MACHINERY
       CORP.**

**DATED:**  April 18, 2008   By: \s\ Andrew R. Schwartz_____
          One of its attorneys

*Andrew R. Schwartz, Esq.*
SUGAR, FRIEDBERG & FELSENTHAL LLP
Counsel for Wisconsin Automated
 Machinery Corp.
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
(312) 704-9400

126430v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, system which sent notification of such filing to all counsel of record.

\s\ Andrew R. Schwartz

Andrew R. Schwartz

126430v1